WILLIAMS LIVE STOCK CO. v. DELAWARE, L. & W. R. CO.

(District Court, M. D. Pennsylvania. December 12, 1922.)

No. 1455.

1. Courts ⬦281—Federal court has jurisdiction of statutory proceeding to recover compensation for property condemned; "civil suit."

A petition by a landowner, under the Pennsylvania statute, for appointment of viewers to assess compensation for land taken under the power of eminent domain, is the beginning of a civil suit of which a federal District Court has jurisdiction under Judicial Code, § 24(1), being Comp. St. § 991(1), where the requisite diversity of citizenship and amount in controversy are alleged.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Action—Case—Suit—etc.]

2. Courts ⬦333—Effect of conformity statute in condemnation proceedings.

The provisions of Act Pa. June 23, 1911 (P. L. 1123; Pa. St. 1920, § 6575 et seq.), requiring viewers appointed to assess damages for land condemned, on a petition filed in any court "of this commonwealth," to be chosen from the board selected by the court of common pleas of the county, that they shall meet at the place designated by such court, be governed by its rules and orders and report to it, are not applicable where the petition is filed in a federal court, which is required by Rev. St. § 914 (Comp. St. § 1537), to conform to the state practice only "as near as may be."

Condemnation of Lands. Petition by the Williams Live Stock Company against the Delaware, Lackawanna & Western Railroad Company for appointment of viewers to assess damages for land taken. On objections by defendant to jurisdiction and to method of appointment of viewers. Overruled.

H. M. Streetor and H. C. Reynolds, both of Scranton, Pa., for petitioners.

Reese Harris, of Scranton, Pa., for respondent.

WITMER, District Judge. [1] Petitioner's land was taken and appropriated for railroad purposes by power of eminent domain. Defendant filed a bond as required by law and completed its title. The petitioner, showing that it is a citizen of New Jersey and the defendant a Pennsylvania corporation, alleging the jurisdictional amount involved, came into this court, asking for the appointment of viewers to assess the damages for the appropriation. The condemnation and appropriation of the plaintiff's land was complete when the defendant railroad company entered its bond in the county courts where the land is located. Immediately thereon the plaintiff was invested with the right to proceed against the defendant to recover the damages sustained. This, the statute provides, shall be done by the appointment of viewers preliminary to a trial by jury, if that be demanded by either of the parties. Though the first step in the proceeding is by petition for the appointment of viewers, and not by writ to bring the defendant into court to answer, it nevertheless has the same end in view, to litigate a controversy between parties, and may be regarded as the beginning of a suit of a civil nature, whereof this court shall have original cognizance, concurrent with the courts of the several states, as provided by the Act of Congress of March 3, 1887, amended by the Act of August 13, 1888 (Comp. St. § 991[1]). In re Delafield (C. C.) 109 Fed. 577.

[2] True, this court will follow the method of proceeding provided by the state statute. However, only "as near as may be," without defeating the ends of justice. Indianapolis, etc., R. R. Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898; Mexican Central R. R. Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859, 37 L. Ed. 699; Chappell v. U. S.; 160 U. S. 514, 16 Sup. Ct. 397, 40 L. Ed. 510. The defendant insists that the court, if it takes jurisdiction of the matter, must follow strictly the provisions of the state statute and make its selection of viewers from the county board appointed by the judge of the court of common pleas of the county. Act June 23, 1911 (P. L. 1123; Pa. St. 1920, § 6575 et seq.). It will be observed that this provision applies in case wherever "a petition shall be presented to any court, judge or judges of this commonwealth, * * * the court shall appoint." This *state court* shall be confined to those designated by it and selected for this purpose. It does not attempt to limit the action of the federal court. If it did so, the selection and appointment of viewers would be that of the state and not of the federal court. There are other instances in which it would be inconsistent to follow strictly the provisions of this state statute. It provides that the viewers shall meet in the county and at the place designated by that court. They may employ a stenographer or clerical assistance only as determined by the county commissioners; they shall make their report to the court of common pleas of the county; appeals shall be made to such court, and the viewers shall be expressly subject to the powers of the county court of common pleas. Surely it cannot be held to apply to a proceeding in this court. To do so would tend to defeat the ends to be attained by section 914, R. S. (U. S. Comp. Stat. § 1537).

The viewers will be appointed from the district, without regard to the so-called board of viewers of the county of Susquehanna.